[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION FOR CHILD SUPPORT
At the time the decree of dissolution was entered on August 25, 1995, the plaintiff wife was earning a net of $228 per week or $11,856 per year. The husband's net as indicated in his financial affidavit of August 18, 1995 was $1159 per week or $60,268 per year. In addition, there was evidence presented that the husband had certain perks from his business perhaps in the range of $5000 per year.
By way of background, the parties had been married for approximately 18 years. Throughout most of the marriage, the wife had assumed the traditional role of home maker. The two minor children were aged 16 and 14 at the time of the dissolution. Joint legal custody was ordered with physical custody awarded to the defendant father.
As part of the decree of dissolution, the court awarded the wife $300 per week alimony. The court did not order child support in view of the minimal amount being earned by the plaintiff at that time. The Court also considered the division of assets and the earning capacity of the parties, in addition to the statutory criteria. Had the Court at that time entered an order of child support, the child support guidelines indicated an award of $64 per week. The Court indicated in its Memorandum of Decision that at the time the plaintiff earned $21,000 or more from her employment, that child support would be paid by the plaintiff in accordance with the child support guidelines.
The defendant took a timely appeal from the Judgment. Thereafter, the parties entered into an agreement, dated January 26, 1996 modifying the Judgment and the appeal was withdrawn.
It is interesting to note, that in consideration of the plaintiff reducing alimony from $300 per week for 10 years and $1.00 per year thereafter, to $187 per week for 10 years non-modifiable as to term, and extending her receipt of a lump sum property settlement from 3 months to two years; and further in consideration of the plaintiff extending the period of time from one week to 60 days for the payment of Pendente Lite arrearage, along with the withdrawal of the defendants' appeal, the CT Page 9841 defendant waived his right to receive child support during the 10 year term of alimony. Now, ten months later, the defendant having withdrawn his appeal, and the plaintiff substantially reducing her awards as to time and money and relying on the Modification of Judgment, the defendant now files a request for child support.
The plaintiff, an unskilled worker, to her credit, has increased her earnings from a net of $228 per week to a net of $315 per week — a net increase of $87 per week. Based on the plaintiff's current financial affidavit, she is now earning $16,380 net per year. Her gross per year would be approximately $23,660.
Plugging these figures into the child support guidelines, the guidelines provide for a child support order of $90.64 per week.
The amount of support indicated by the guidelines is presumed to be the appropriate level of support. This Court finds that the application of the guidelines would be inequitable and/or inappropriate based on the following criteria.
The defendant is a 1/3 owner of his business, Audio Com, Inc. He has one active partner besides himself. This business asset was solely retained by the defendant in the marital property division of assets. This asset provides him with a gross income of approximately $80,000 per year plus perks. The defendant's company owns four motor vehicles, two of which the defendant and his family have access to use. The company pays the lease payments on the 1994 BMW motor vehicle which is driven by the defendant and his son. The company also pays the taxes, registration, insurance and some repairs for this car. The defendant also drives a Chevrolet pick up truck owned and maintained by the company. His company also pays for business related food and/or entertainment if any. The defendant was awarded this major asset of the marriage which provides him with a stream of income to provide for the alimony award and to provide for the support of the minor children. The defendant was also awarded the marital home in which he and the two minor children continue to reside.
A further criteria to deviate from the child support guidelines relates to the defendant's earning capacity. The defendant's earning ability is far and above and superior to the plaintiff's. The defendant has an ability to earn in excess of CT Page 9842 $80,000 per year as indicated by his financial affidavit. The plaintiff, an unskilled worker and a homemaker for the past 18 years, is now earning approximately $23,000 per year as a retail clerk.
The plaintiff testified she spends approximately $40 per week for the children when they visit with her. This was uncontroverted by the defendant and would appear to be a reasonable expense.
The Court has also considered the award of alimony as agreed to between the parties. The parties agreed to reduce the alimony award from $300 per week to $187 per week. This reduction has provided the defendant with additional disposable income which he has available for the economic benefit of the minor children. The consideration of the provision of alimony does not result in a lesser economic benefit to the minor children.
Based on the assets of the defendant, that is, his business and perks, which the defendant was awarded as part of the division of marital assets along with the marital home, which was also awarded to the defendant, and his present ability and earning capacity, the Court deviates from the child support guidelines and enters an order of child support in the amount of $50 per week for the two minor children to be paid by the plaintiff to the defendant. Said order shall be effective one week from date.
Since the plaintiff will be paying child support for the minor children, the plaintiff shall be entitled to claim the youngest child as a dependent for Income Tax purposes commencing with the tax year 1997 and thereafter, so long as she is current in the child support order as of December 31st.
As the plaintiff's income from earnings has increased to warrant an order of child support, it shall no longer be necessary for the plaintiff to provide the defendant with her W-2 tax form each year.
COPPETO, J.